**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0499-20

A.J.L.,

 Plaintiff-Respondent,

v.

C.L.,

 Defendant-Appellant.

_____

Submitted May 19, 2021 – Decided June 11, 2021

Before Judges Fuentes and Whipple.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FV-18-0256-21.

Roberts & Teeter, LLC, attorneys for appellant (Michael B. Roberts, on the briefs).

Dudley-Smith Law Firm, LLC, attorneys for respondent (Celeste Dudley-Smith, on the brief).

PER CURIAM

Defendant C.L.[1] appeals from a September 24, 2020 final restraining order (FRO) entered by the Family Part after a Zoom trial. We vacate the order and remand for a new trial.

On August 26, 2020, plaintiff A.J.L. was granted a temporary restraining order (TRO) against defendant after alleging predicate acts of criminal mischief and harassment, and a prior history of domestic violence. Plaintiff appeared via Zoom and without counsel for a hearing on September 3, 2020, and defendant did not appear. The Family Part judge stated on the record that he would continue the TRO and carry the matter for two weeks. On September 17, 2020, a continuance order entered by a different judge stated the case was being rescheduled due to defendant's request to retain counsel. There is no transcript of a September 17, 2020 proceeding. The parties were summoned to appear again on September 24, 2020, for an FRO trial. That day, defendant and plaintiff appeared pro se. The court conducted a Zoom FRO hearing where both parties testified. The court did not question defendant regarding her prior request to retain counsel, nor did the judge advise her of her right to do so. Defendant, who speaks Mandarin Chinese, testified in English despite the appearance of a Mandarin interpreter. Much of the transcript is labeled

---

[1] We use initials to protect the identity of victims of domestic violence and to preserve the confidentiality of these proceedings. R. 1:38-3(d)(10).

"unintelligible." In an oral decision, the court granted the FRO. This appeal followed.

On appeal, defendant argues she was denied her right to counsel and was never advised of the consequences of the FRO. We agree.

In D.M.R. v. M.K.G., ____ N.J. Super. ___, ____ (App. Div. 2021) (slip op. at 14-17), we recently addressed the transformation of our court system to address the COVID-19 pandemic. We noted that since early 2020,

> New Jersey Courts have operated primarily remotely via platforms like Zoom, Microsoft Teams, and telephone conferences, with the goal of preserving the quality of justice our courts have traditionally striven to provide when court was conducted in-person. Trial courts and staff have undertaken a herculean effort in rising to this unprecedented challenge. However, despite their efforts, the formality of the courtroom can fall away. Everyone may not have the same access to technology. These proceedings often involve unrepresented litigants unfamiliar with court proceedings, which presents its own challenges now amplified by the virtual proceeding.
>
> [Id.]

We also stated "[a]lthough there are obvious, understandable challenges facing judges who seek to administer effective trials using videoconferencing technology, court directives and due process must nevertheless be maintained." D.M.R., slip. op. at 4.

A-0499-20

Based on our review of the record herein, we find the required due process protections again fell short. Parties to a domestic violence action are entitled to certain procedural due process rights. J.D. v. M.D.F., 207 N.J. 458, 478 (2011). "[O]rdinary due process protections apply in the domestic violence context, notwithstanding the shortened time frames for conducting a final hearing that are imposed by the statute." Ibid. Trial courts must recognize those rights and ensure their protection, consistent with the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35. Id. at 479.

Defendants in domestic violence matters must be afforded a real opportunity to obtain counsel. D.N. v. K.M., 429 N.J. Super. 592, 606-07 (App. Div. 2013). The right to seek counsel is an important due process right that affords defendants "a meaningful opportunity to defend against a complaint in domestic violence matters . . . ." Id. at 606. While due process does not require the court to appoint counsel in a domestic violence context, due process does require that a defendant understand that he or she has a right to retain legal counsel and to be afforded a reasonable opportunity to retain an attorney. Id. at 606-07. Particularly when a defendant appears without an attorney, the court must make a finding that the defendant understood and relinquished his or her right to employ counsel. Id. at 607. The trial judge

4

should "adequately question [her] regarding her decision to decline the opportunity to obtain legal representation." Id. at 607. She must also make a clear and knowing waiver. Ibid.

Here, the court did not make any inquiries to determine whether the litigant understood and knowingly relinquished her right to retain counsel. The matter was rescheduled for a week later. When the parties returned for the FRO hearing, the court did not acknowledge that defendant had requested an adjournment of the original hearing date to retain counsel, nor did the court inquire whether she was still seeking counsel or wanted to proceed pro se. At no point in the record before us did the court engage defendant regarding her right to counsel or advise her of the dangers of proceeding in the absence of counsel, nor of the consequences of an FRO prior to proceeding with trial.

During the hearing, the court outlined the anticipated sequence of events and proceeded immediately to take testimony. It is unclear whether defendant understood the purpose of the hearing or court procedure. She was not able to properly admit evidence. Although defendant was provided with a Mandarin interpreter, there was an obvious, notable language barrier. She was unable to ask proper questions on cross-examination and did not testify coherently or persuasively on her direct examination. The record shows defendant was

5

unable to communicate with the court. Defendant claimed the interpreter was not translating her testimony correctly and imprudently opted to proceed exclusively in English. The hearing continued with defendant testifying in English. The record shows defendant was linguistically hampered by this decision. During defendant's testimony, the judge acknowledged that he understood "probably 90% of what she was saying." The transcript of the FRO hearing provided to this court for the purposes of appeal indicated on 126 occasions what defendant was saying was "unintelligible." We conclude that the irregularities during the remote trial substantially prejudiced defendant, depriving her of due process.

Therefore, the FRO is vacated, the TRO is reinstated, and the matter is remanded for a new trial, consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0499-20